**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

ESTATE OF MICHELLE EVETTE
McCALL, et al,

    Plaintiffs,
vs.                                    CASE NO.: 3:07cv508/MCR/EMT

UNITED STATES OF AMERICA,

    Defendant.
_____/

**NOTICE OF CONSTITUTIONAL CHALLENGE TO STATE STATUTE**

    Plaintiffs have sued the Defendant, United States of America, in this court for wrongful death under the Federal Tort Claims Act, alleging that Air Force doctors and nurses negligently treated Michelle Evette McCall, causing her death.  In response to the complaint, the United States raised as an affirmative defense Section 766.118, Florida Statutes, contending that plaintiff's non-economic damages are capped at $1,000,000.00.  Plaintiff replied to the affirmative defense and challenged the constitutionality of § 766.118 under the Florida constitution on the following grounds:

- the statute directly contravenes Article 1, Section 26(a)
- the statutory cap violates the right to trial by jury and access to courts guaranteed by the Florida Constitution
- the statutory cap violates equal protection
- the statutory cap violates due process
- the statutory cap violates the separation of powers
- the statutory cap constitutes a taking without just compensation

The United States has filed a Motion For Partial Summary Judgment requesting a determination by the court that plaintiff's non-economic damages are capped at $1,000,000.00 pursuant to § 766.118.  Oral argument on this motion is scheduled for Thursday, May 28, 2009, at 2:00 pm (CST) at the United States District Court, Northern

District of Florida, Pensacola Division, Courtroom 4N. This case is set for trial on the trial docket beginning August 31, 2009.

The court must certify to the State Attorney General the pendency of any action challenging the constitutionality of a statute of that State. The governing statute provides:

> In any action, suit or proceeding in a court of the United States to which the State or any agency, officer or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

28 U.S.C. § 2403(b).

Accordingly, the court certifies to Bill McCollum, Attorney General State of Florida, that the constitutionality of Section 766.118, Florida Statutes has been called into question in this matter. The clerk of the court is directed to promptly send a copy of this order, a copy of the complaint (document 1), defendant's answer and affirmative defenses (document 10), plaintiff's reply to defendant's affirmative defenses (document 15), defendant's motion for partial summary judgment (document 20), court's order setting trial (document 49), and plaintiff's notice of constitutional challenge (document 50), by certified mail, to the Attorney General at Office of Attorney General, State of Florida, The Capitol PL-1, Tallahassee, FL 32399-1050.

**DONE and ORDERED** this 19th day of May, 2009.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:07cv508/MCR/EMT